**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1476
_____

CPL. JEFFREY A. TAYLOR,
                                        Appellant

v.

COL. PAWLOWSKI; COL. BANDY; SGT. JOHN, a/k/a Rick Brown;
SGT. JUDITH HOLLY-STORMS; CAPTAIN M.L. HENRY;
LT. BRAHL; ANDREA WEICHMAN


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cv-02057)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2013

Before:   CHAGARES, VANASKIE, and SHWARTZ, *Circuit Judges.*

(Filed: December 20, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Cpl. Jeffrey Taylor appeals the District Court's order granting summary

judgment in favor of  the Defendants, Col. Pawlowski, Col. Bandy, Col. Brown, Lt.

Brahl, Captain Henry, Sgt. Holly-Storms, and Trooper Weichman, on his claims that they retaliated against him for exercising his rights under the First Amendment.[1] Agreeing with the District Court's conclusion that Corporal Taylor's speech was not protected under the First Amendment, we will affirm.

I.

We write primarily for the parties to this action. Accordingly, we set forth only those facts necessary to our analysis.

Jeffrey Taylor is a Corporal with the Pennsylvania State Police who is stationed at the Troop T Pocono Station. At a December 2008 meeting with Defendant Brahl, Taylor voiced objections to the institution of what he perceived to be an illegal quota system for traffic stops ("quota system"). Following this meeting, Taylor sent a letter alleging the existence and illegality of the quota system to Defendant Pawlowski, who at the time was serving as the Commissioner of the State Police. Taylor also gave this letter to Defendant Storms and an Internal Affairs investigator named Brad Getz. Finally, Taylor posted a copy of this letter at the Fraternal Order of Police ("FOP") Lodge in Dunmore, PA.

Taylor alleges that the named Defendants took various actions to retaliate against him for voicing his concerns about the quota system. Specifically, Taylor asserts that, as a result of speaking out regarding the quota system, he was granted fewer overtime

---

[1] Before the District Court, Taylor also raised an Equal Protection claim, asserting that defendants had discriminated against him on the basis of his gender. On appeal, Taylor does not challenge the District Court's entry of summary judgment against him on that claim.

opportunities, received unfavorable employment evaluations, had unsubstantiated harassment complaints filed against him, and was placed on "limited duty."

Taylor brought this litigation under 42 U.S.C. §1983, contending that Defendants' alleged retaliation violated his rights under the First Amendment. Finding that Taylor's speech within his workplace chain of command was not protected under the First Amendment, the District Court granted Defendants' motions for summary judgment.

II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 246 (3d Cir. 2002). We may affirm the District Court's judgment on any grounds supported by the record. *In re Teleglobe Commc'ns Corp.,* 493 F.3d 345, 385 (3d Cir. 2007).

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak *as a citizen* addressing matters of public concern." *Garcetti v. Ceballos,* 547 U.S. 410, 417 (2006) (emphasis added). In assessing a First Amendment retaliation claim, courts therefore "must determine whether the employee was speaking 'as a citizen' or, by contrast, pursuant to his duties as a public employee." *Foraker v. Chaffinch*, 501 F.3d 231, 243 (3d Cir. 2007) (quoting *Sigsworth v. City of Aurora*, 487 F.3d 506, 509-10 (7th Cir. 2007)). We have held that "[i]n making their voices heard up the chain of command," government employees speak "pursuant to their duties as government employees." *Id.*

3

As Taylor himself notes in his Declaration, "State Police policy, field regulation 1.17 requires an officer to report through their chain of command any violation by other officers as [sic] departmental policy, Pennsylvania law, or federal law." (App. at 309-10.) His responsibility to report to his superiors departmental policies he perceives to be unlawful is thus an acknowledged part of his job. In complaining to superiors about the quota system, Taylor acted as a public employee, and not as a citizen, for First Amendment purposes. *See Foraker*, 501 F.3d at 243-44 (firearms instructors spoke pursuant to job duties and not as citizens when they complained to supervisors regarding unsafe conditions at firing range). Because his speech was not protected under *Garcetti*, Taylor's First Amendment retaliation claim against the Defendants fails.

Taylor offers that "[t]he posting at the FOP . . . takes this case outside of *Garcetti*." (Appellant's Brief 34.) But the FOP posting cannot rescue Taylor's claim, as Taylor has failed to point to any evidence demonstrating that the FOP posting was a "substantial factor" in Defendants' allegedly retaliatory conduct. *See Gorum v. Sessoms*, 561 F.3d 179, 188 (3d Cir. 2009). Taylor's single factual allegation pertaining to the FOP Lodge copy of the letter is that it was "on the wall where everyone could read it." (App. at 310.) Taylor has not pointed to evidence in the record that any of the Defendants in fact saw it on the FOP Lodge wall or were otherwise aware that it had been posted there. Taylor has likewise not cited to any information in the record regarding when the letter was posted or how long it remained there. It is axiomatic that "for protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct." *Gorum*, 561 F.3d at 188

4

(citation omitted). Taylor has failed to demonstrate that the posting of the letter at the FOP Lodge—and not its distribution up the chain of command—played any, let alone a "substantial," role in Defendants' alleged retaliation.

III.

For the foregoing reasons, we will affirm the District Court's judgment.